IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNION DE EMPLEADOS DE MUELLES DE PUERTO RICO, INC.,<br><br>**Plaintiff**,<br><br>v.<br><br>INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO,<br><br>**Defendant**. | **Civil No.** 15-1750 (FAB)<br><br>consolidated with<br><br>**Civil No.** 15-2209 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is United States Magistrate Judge Silvia Carreño-Coll's Report and Recommendation ("R & R") (Docket No. 46), recommending that plaintiff Unión de Empleados de Muelles de Puerto Rico, Inc. ("UDEM")'s motion for a preliminary injunction (Docket No. 19) be denied; that defendant International Longshoremen's Association, AFL-CIO ("ILA")'s motion to strike UDEM as a party (Docket No. 26) be granted; and that the Court order Banco Popular to acknowledge the presumptive validity of the ILA's trusteeship over Local 1901.

UDEM objected to the R & R (Docket No. 48), and the ILA responded to UDEM's objections (Docket No. 50). After independently examining the entire record and giving due consideration to UDEM's objections, the Court **ADOPTS in full** the magistrate judge's findings and recommendations.

Civil No. 15-1750 (FAB)                                                   2

## I. STANDARD OF REVIEW

A district court may refer a pending dispositive motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). Any party may file written objections to the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The district court determines *de novo* those portions of the report to which specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); United States v. Raddatz, 447 U.S. 667, 675 (1980). In conducting its review, the district court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3).

## II. DISCUSSION

The magistrate judge issued a thorough and well-analyzed R & R after conducting a three-day hearing on UDEM's motion for a preliminary injunction. UDEM raises three objections to the magistrate judge's recommendations, and the Court addresses each objection in turn.

**A.  UDEM's Disaffiliation from the ILA**

UDEM first objects to the magistrate judge's conclusion that UDEM did not disaffiliate from the ILA successfully. (Docket No. 48 at pp. 1-5). Relying on a series of cases as persuasive authority, the magistrate judge concluded that UDEM's right to

Civil No. 15-1750 (FAB)                                                  3

disaffiliate from the ILA is governed by the ILA constitution, which constitutes a contract between UDEM and the ILA.  The magistrate judge then looked to article XII, section 4, of the ILA constitution, which provides that "no local union shall withdraw or be dissolved so long as at least ten (10) members in good standing object to its dissolution at a meeting called to consider the question."  (Def.'s Exh. A, art. XII, § 4.)  The magistrate judge, agreeing with the ILA's interpretation, read this provision as requiring that prior notice be given to the membership that a meeting will be held specifically for the purpose of considering disaffiliation.  Because the magistrate judge found no evidence indicating that prior to the May 9, 2015 meeting, the membership was notified that the meeting was being called to consider disaffiliation, she concluded that the disaffiliation vote taken at that meeting was procedurally defective and therefore void.

UDEM challenges the magistrate judge's reliance on article XII, section 4, of the ILA constitution.  It argues that that provision concerns dissolution and "has nothing to do with disaffiliation."  (Docket No. 48 at p. 4.)  Although article XII, section 4, does not mention the words "disaffiliate" or "disaffiliation," it does mention the word "withdraw."  See Def.'s Exh. A, art. XII, § 4.  The ILA and the magistrate judge reasonably interpreted "withdraw" to mean "disaffiliate."  This interpretation is entitled to deference by the Court.  See Dow v. United Bhd. of

Civil No. 15-1750 (FAB)                                                         4

Carpenters & Joiners of Am., 1 F.3d 56, 58 (1st Cir. 1993) (holding that international labor organization's interpretation of its constitution should be upheld unless the interpretation is "patently unreasonable" (quoting Local No. 48, United Bhd. of Carpenters & Joiners of Am. v. United Bhd. of Carpenters & Joiners of Am., 920 F.2d 1047, 1052 (1st Cir. 1990))).  Furthermore, UDEM offers no alternative interpretation for the provision's use of the term "withdraw."  The Court therefore rejects UDEM's baseless argument and adopts the magistrate judge's conclusion that UDEM did not disaffiliate from the ILA.

**B.   The ILA's Basis for Imposing Trusteeship**

UDEM next objects to the magistrate judge's conclusion that the ILA had a valid basis for imposing trusteeship over UDEM. (Docket No. 48 at pp. 5-13.)  The magistrate judge found that the ILA's primary purpose in imposing trusteeship was to neutralize UDEM's resistance to a proposed merger of local unions.  The ILA constitution gives the ILA the unilateral right to merge local unions, (Def.'s Exh. A, art. XII, § 4), and ILA has the statutory right to impose trusteeship over local unions to carry out any "legitimate object[]" of the ILA, see 29 U.S.C. § 462.  The magistrate judge concluded from this authority that effectuating a merger was a legitimate purpose for imposing trusteeship.

UDEM's challenge to this conclusion is not a model of clarity. UDEM seems to argue that the ILA was required to hold a "prior

Civil No. 15-1750 (FAB)                                                          5

hearing" or give "a minimum of due process" before imposing emergency trusteeship, (Docket No. 48 at pp. 6-7), but it points to no authority establishing these requirements.  UDEM also seems to claim that the ILA was required to arbitrate an issue regarding the breach of a work sharing agreement before imposing trusteeship, but the ILA is not a party to the contract containing the arbitration clause to which UDEM cites.  See id.; P.'s Exh. 5.  Because the ILA is not a party to the contract, it is not bound by the arbitration clause contained in it.  See AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." (quoting United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960))).

After conducting a *de novo* review, the Court finds that UDEM's arguments lack merit.  The Court therefore adopts the magistrate judge's conclusion that the ILA had a valid basis for imposing trusteeship over UDEM.

**C.   UDEM's Authority to Bring Suit**

UDEM's final objection is to the magistrate judge's conclusion that UDEM must be stricken as a party because its trustee did not authorize the suit.  (Docket No. 48 at pp. 13-14).  The magistrate judge explained that section 304(a) of the Labor-Management Reporting and Disclosure Act ("LMRDA") permits a local union to sue

Civil No. 15-1750 (FAB)                                                    6

an international labor organization regarding trusteeship.  See 29 U.S.C. § 464(a) (providing that a trusteeship may be challenged in federal court by "[a]ny member or subordinate body of a labor organization affected by" its wrongful imposition).  The magistrate judge then relied on County, Municipal Employees' Supervisors' & Foremen's Union Local 1001 v. Laborers' International Union of North America, 365 F.3d 576, 578-79 (7th Cir. 2004), to conclude that who may speak for the local union in a suit regarding the trusteeship imposed upon it is a question decided by the international labor organization's constitution.  The ILA constitution provides that a trustee's powers are set forth in writing at the time of his or her appointment, (Def.'s Exh. A, art. XII, § 4), and the writing appointing UDEM's trustee gave the trustee the authority to take control of all of UDEM's affairs, (P.'s Exh. 17).  The magistrate therefore concluded that UDEM may bring suit only with the trustee's authorization.  Because UDEM brought suit without the trustee's authorization, the magistrate judge recommended striking UDEM as a party.

In its underdeveloped objection, UDEM essentially argues against a straw man.  UDEM states that section 304(a) of the LMRDA grants a local union and its members the right to challenge a trusteeship.  (Docket No. 48 at p. 14.)   This is not the determinative issue; the magistrate judge and the ILA agreed that section 304(a) of the LMRDA gives UDEM standing to bring suit.  The

Civil No. 15-1750 (FAB)                                                  7

issue is, once in trusteeship, who had the authority to bring suit in UDEM's name.  Through reasoned analysis relying on persuasive authority, the magistrate judge concluded that UDEM could bring suit only with the trustee's authorization.  UDEM makes no specific objection to this conclusion, so the Court need not tarry.  After conducting a *de novo* review, the Court adopts the magistrate judge's conclusion that UDEM must be stricken as a party.

### III.  CONCLUSION

The Court has made an independent examination of the entire record in this case, including UDEM's objections, and **ADOPTS in full** the magistrate judge's R & R (Docket No. 46).  Accordingly, the Court **DENIES** UDEM's motion for a preliminary injunction (Docket No. 19) and **GRANTS** the ILA's motion to strike UDEM as a party (Docket No. 26).  Because UDEM, the sole plaintiff, has been stricken for lack of authorization to bring suit, this case is **DISMISSED without prejudice**.

Finally, the Court **ORDERS** Banco Popular to acknowledge the presumptive validity of the ILA's trusteeship over Local 1901.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 23, 2016.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE